UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Nathanial Dagley, individually and on behalf
of all others similarly situated,

    Plaintiff,

v.

American Medical Response, Inc.

    Defendant.

Civ. No.: _____

## COLLECTIVE ACTION COMPLAINT

Nathanial Dagley ("Plaintiff"), individually and on behalf of others similarly situated, brings this Complaint against American Medical Response, Inc.

### PRELIMINARY STATEMENT

1. This is a putative collective action brought by Plaintiff on behalf of himself and all others similarly situated. Plaintiff, and others similarly situated, worked for Defendant as paramedics and emergency medical technicians (EMTs), and were denied wages required by federal wage and hour laws.

2. Plaintiff and other similarly situated paramedics and EMTs were hired by third party companies like Med Transport Inc. and others to work for Defendant on its assignments also known as "deployments."

3. Plaintiff and others similarly situated paramedics and EMTs were misclassified as independent contractors. Defendant failed to pay them one and one-half times their regular rate of pay for all hours worked over 40 in a workweek as required by federal law.

1

4. Plaintiff seeks overtime compensation for hours worked over 40 in a workweek pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. In accordance with § 216(b) of the FLSA, Plaintiff brings this case as a putative collective action.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq*.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant resides in this District.

## THE PARTIES

7. Defendant American Medical Response, Inc. ("AMR" or "Defendant") is a foreign corporation with its principal place of business located at 636 South Fiddlers Green Circle, Suite 1400, Greenwood, Colorado 80111.

8. AMR is the nation's largest provider of ground medical transportation and the Federal Emergency Management Agency's (FEMA) prime emergency medical service response provider.

9. AMR contracts with FEMA to provide ground ambulance, air ambulance, paratransit services and non-ambulance emergency medical services ("EMS") personnel to supplement federal and military response to a disaster, an act of terrorism, or any other public health emergency.

10. AMR contracts with third-party companies like Med Transport Inc. and others to build rosters of EMS personnel to work at its deployment sites.

11. Plaintiff is a resident of Webb City, Missouri. He worked as a paramedic for Defendant from approximately May 2019 to October 2022 at its deployment sites located throughout the United States, including in California, New Jersey, Nevada, Oregon, Arizona, Florida, Louisiana, and North Carolina.

## COVERAGE UNDER THE FLSA

12. AMR has an annual gross volume of sales made or business done of $500,000 or greater in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

13. Defendant operates in interstate commerce by, among other things, offering and providing its services in multiple states across the country.

14. At all material times, Plaintiff and other paramedics and EMTs were engaged in commerce as defined by 29 U.S.C. § 207(a)(1).

15. At all material times, Plaintiff and others similarly situated were qualified as employees under the FLSA, 29 U.S.C. § 203(e)(1).

16. Defendant was or is Plaintiff's and the similarly situated individuals' "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. Plaintiff and the similarly situated paramedics and EMTs were employees entitled to the FLSA's protections. They allege that Defendant's uniform practice of misclassifying paramedics and EMTs as independent contractors and paying no overtime premium for overtime hours worked, deprives Plaintiff and those similarly situated of overtime compensation in violation of the FLSA.

## COLLECTIVE ACTION DEFINITION

18. Plaintiff files this action on behalf of himself and all other similarly situated individuals. The putative FLSA Collective is defined as follows:

> All paramedics and emergency medical technicians (EMTs) who worked for Defendant at any time since three years prior to the filing of this Complaint through judgment.

## **GENERAL FACTUAL ALLEGATIONS**

19. Defendant provides medical transport and support to natural disasters and emergencies throughout the United States. It also partners with EMS agencies throughout the United States to help with responses for aide.

20. Plaintiff and those similarly situated worked for Defendant, providing medical transportation and support on deployments which included hurricanes, wildfires, the COVID-19 pandemic, and other emergencies and natural disasters.

21. Plaintiff and the proposed FLSA Collective were required to work a minimum amount of time on each deployment. While deployed, Plaintiff and the proposed FLSA Collective worked exclusively for Defendant on a continuing basis. Plaintiff and those similarly situated did not sell or advertise their services to the general public or work for any other company other than Defendant.

22. Defendant misclassified Plaintiff and others similarly situated as independent contractors.

23. Defendant avoided paying overtime premiums, reduced its tax liability and avoided paying workers' compensation by classifying Plaintiff and other paramedics and EMTs as independent contractors.

24. Defendant subjected Plaintiff and the proposed FLSA Collective to its direction and control, including the manner in which they performed their work. For example:

   A. Defendant dictated the minimum number of days Plaintiff was expected to work on each deployment.

B. Plaintiff and those similarly situated reported to AMR's task force leader who communicated Plaintiff's daily work schedule, expectations, and details with respect to the work being performed.

C. AMR's task force leaders, oversaw a group of emergency support personnel at each deployment site, answered questions, addressed concerns, and performed other supervisory functions.

D. Defendant required Plaintiff to report his work hours each day.

E. Through its contract with FEMA and other agencies, Defendant determined Plaintiff's manner and rate of pay. Plaintiff was paid a flat daily rate for each day he worked. Plaintiff was not able to negotiate his pay rate,

F. Defendant dispatched, tracked, and communicated with Plaintiff and those similarly situated using its own mobile satellite communications network.

G. Defendant provided housing/lodging (typically a hotel room in which Defendant assigned Plaintiff a roommate), meals, and reimbursed Plaintiff and those similarly situated for any additional expenses they incurred in conjunction with their work.

H. Defendant provided the supplies and equipment necessary for Plaintiff and those similarly situated to complete their work. This included but was not limited to medical supplies, medications, ambulances (with specific fueling stations), and other equipment provided on an on-demand basis as needed.

I. Defendant required Plaintiff and the similarly situated paramedics and EMTs to follow Defendant's instructions, processes, and policies regarding the method by which their work was to be completed.

J. Defendant required paramedics and EMTs to obtain specific certifications to

perform work at Defendant's work sites.

K. Defendant required Plaintiff and those similarly situated to track the work they completed each day and to submit reports outlining that work.

L. Plaintiff and those similarly situated were/are not in business for themselves; rather, they were/are integral to Defendant's business.

25. Plaintiff routinely worked more than 40 hours in a workweek for Defendant. For example, during the workweek beginning January 2, 2022, he worked approximately 80 hours. Defendant did not compensate him with an overtime premium during this workweek, or in any other workweeks.

26. Defendant did not pay Plaintiff or others similarly situated an overtime premium for the overtime hours they worked. Defendant is aware that some of its paramedics and EMTs routinely worked over 40 hours per week and were not paid overtime because Defendant scheduled them and required them to complete shifts that resulted in overtime.

27. Defendant is aware of the hours its paramedics and EMTs worked because it required them to submit their hours on an ICS (Incident Command System) form each day/shift, and/or report their hours via phone in Defendant's call-in system (NATCOM).

## **COLLECTIVE ACTION ALLEGATIONS**

28. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

29. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff brings Count I individually and on behalf and all similarly situated individuals.

30. Plaintiff consents in writing to be a party to this FLSA action pursuant to 29 U.S.C. § 216(b). Plaintiff's Consent Form is attached as Exhibit A. As this case proceeds, it is likely other individuals will sign consent forms and join as plaintiffs.

31. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation to non-exempt employees for hours worked over forty (40) in a workweek.

32. Defendant engaged in a pattern and practice of violating the FLSA by misclassifying Plaintiff and all similarly situated individuals as independent contractors, and failing to pay its paramedics and EMTs overtime compensation as required by law.

33. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and those similarly situated proper overtime compensation for all hours worked over forty (40).

34. For example, Defendant's workforce consists of both paramedics and EMTs who are classified as independent contractors and others who work as paramedic and EMTs performing the same or similar work who are classified as W-2 employees. Defendant treats both the same or similarly regardless of their classification.

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT FOR FAILURE TO PAY OVERTIME COMPENSATION
### 29 U.S.C. § 201, *et seq.*
*On Behalf of Plaintiff and the FLSA Collective*

35. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

36. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees an overtime premium for all hours worked over forty (40) per workweek.

37. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.*

38. Defendant knew or showed reckless disregard for the fact that it failed to pay these individuals overtime compensation, constituting a willful violation of the FLSA.

39. Defendant's failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA Collective to suffer loss of wages and interest thereon.

40. Plaintiff and the FLSA Collective are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the proposed FLSA Collective, prays for relief as follows:

1. Court-authorized notice and certification of a collective action under § 216(b) of the FLSA;

2. Judgment against Defendant for violating federal overtime law;

3. Judgment against Defendant for an amount equal to Plaintiff's and the FLSA Collective's overtime wages due and owing and liquidated damages;

4. Judgment that Defendant's violations were willful and/or not in good faith;

5. An award of any pre- and post-judgment interest;

6. An award of reasonable attorneys' fees and costs;

7. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

8. Such further relief as may be appropriate.

Date:   June 30, 2023

**NICHOLS KASTER, PLLP**

By: s/Rachhana T. Srey
Rachhana T. Srey, MN Bar No. 340133
4700 IDS Center
80 S. 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
srey@nka.com

**Attorneys for Plaintiff and the putative FLSA Collective**

9